Dewey, J.
Does the clause in this lease, authorizing a reentry by the lessor, to repossess himself of the premises, apply to the breach of the covenant, “ that the lessee will not occupy, or in any manner suffer the buildings now on the pre *34 mises, or which may hereafter be erected thereon, to be occupied, for dwelling-houses, or for any unlawful purposes whatsoever ” ?
This, of course, depends upon the construction to be given to the indenture. The language is very broad; the lessee stipulates “ if he shall neglect or fail to perform and observe any or either of the covenants herein contained, which on his part are to be performed,” then the lessor may lawfully enter &c. Although the conditions upon which the lessee took his lease may be such as materially to affect the value of his leasehold interest, and subject it to the contingency of an early termination, yet, if such are its plain and obvious terms, the lessee must abide by the stipulations of the lease.
Several reported cases were cited by the counsel for the defendant, for the purpose of sustaining the position that the condition annexed to the lease of a right of reentry does not embrace the covenant hereinbefore recited. The cases of Doe v. Godwin, 4 M. & S. 265, and Doe v. Marchetti, 1 B. & Ad. 715, 721, are clearly distinguishable from the present. The case of Doe v. Stevens, 3 B. & Ad. 299, is more analogous. That was the case of a lease reserving a right of entry by the lessor, “ if the lessee shall do or cause to be done any act, matter, or thing, contrary to and in breach of the covenants of this lease,” and it was held by the court that the condition as to reentry did not apply to a breach of the covenant “ to repair,” the omission to repair not being an act done contrary to the provisions of the lease. This decision may be supported upon the principle of restricting forfeitures of leasehold interests to the precise letter of the condition; whether it be in accordance with its spirit may be more doubtful. It rests upon the principle that the right of reentry in that case was confined “ to acts and things done,” and not to cases of omissions to do certain things, contrary to the stipulations of the covenant by the lessee. On the other hand, the case of Doe v. Jepson, 3 B. & Ad. 402, seems very much to weaken the force of the decision in the case of Doe v. Stevens.
Upon looking at the terms of this lease, we perceive no ground for holding that the stipulations, set forth as the *35 foundation- of the forfeiture, are not fairly within the condition of the reentry clause. We are satisfied that it is no objection that the covenant is a negative stipulation. Such covenant may be equally effectual to work a forfeiture. Doe v. Keeling, 1 M. & S. 95. It may have been very unwise to enter into such stipulations, making them a subject of forfeiture of the estate, but that consideration cannot affect the legal construction of the indenture. The court are of opinion, that the use of the premises “ for an unlawful purpose ” would authorize the lessor to reenter for a breach of the condition of the lease.
This restriction upon the manner of using the premises runs with the land, and is binding upon the estate in the hands of sub-tenants. They take only the title of the lessee, and with the like limitations and restrictions. Such use by a sub-tenant holding under the original lessee, for an unlawful purpose, would equally forfeit the estate. This principle seems very clear, and hence, in the treatises upon the relation of landlord and tenant, it is said that when an estate is held subject to forfeiture, for breaches of numerous covenants or stipulations, some of which may be likely to be violated, it is expedient always to take from a sub-lessee good security against all such violations of the various stipulations in the original lease, as may subject the original lessee to lose his whole estate. By creating sub-tenants, the original lessee puts them in possession of the premises, and being thus in under him, their acts, if in violation of the conditions of the lease, will cause a forfeiture.
In the view we have taken of this case, it is unnecessary to consider particularly, whether the ruling that the defendant was presumed in law to know that the buildings were used for unlawful purposes, if the fact was so, was entirely correct in the form stated. The legal consequence will be much the same, under the different forms in which I have stated the consequences of a violation of the lease by a sub-tenant of the lessee. But as the facts have never been passed upon by a jury, a new trial is ordered, and the case will go to a jury under instructions carrying out the legal principles above stated. The question of fact will be, whether the definid an'* *36 by himself, or through his sub-tenants, has occupied the premises leased, or any part of them, “ for an unlawful purpose,” and also whether the lessor or those having his estate did make entry upon the premises, or upon any part thereof in the name of the whole, immediately after or while such default or misfeasance continued, for the purpose of regaining the possession thereof. If such facts are found in favor of the plaintiffs, they will be entitled to a judgment in their favor -

New trial granted.